### Roop *v.* Clark, *Guardian, &c.*

The effect of a plea of abatement is abolished by the Code, and courts are authorized to have proper parties substituted without abating the suit.

The attestation of a record may be according to the form used in the state from which the record came.

Letters of guardianship from a probate court of Ohio, admitted as good, when the probate judge certifies that by law, he is his own clerk, and that the certificate is in due form.

### *Appeal from Mahaska District Court.*

*Opinion by* Hall, J.   Wm. Seaton, brought suit in the district court, against Roop, as a surviving partner, on a dem a nd arising on promissory notes. After the defendant b elow had filed his answer to the merits, further answers and s tates that Seaton, the plaintiff, was insane and had a guardian, but does not name who was his guardian.   The plaintiff admits the facts, and asserts that Alexander Clark is the g uardian, and produced letters of guardianship certified

to by clerk of the probate court of Carrol county, state of Ohio. The appointment of guardian appears to have been made by the court of common pleas. The probate judge certifies that by law he is his own clerk, and that the certificate is in due form and attaches his seal to both certificates. Upon this the court allow Clark to be substituted as plaintiff in the suit, and the cause progressed in the name of Clark as guardian. To this, the defendant excepts and assigns the ruling of the court in substituting Clark as defendant, as error.

The effect of a plea of abatement is abrogated by the Code, as the law now stands. When an objection is made to the capacity of the plaintiff to bring the suit, the court will ascertain the fact, and allow the name of the proper party to be substituted, and the suit progresses. This has been done in this case, but the objection is, that the copy of the appointment of Clark as a guardian, was not authenticated in such a manner, that it could be named in evidence by the court, and consequently the substitution was improper.

1. Greenlf. Ev., § 506 ; says, " that the attestation of the copy must be according to the form used in the state from which the record comes, and must be certified to be so by the presiding judge of the same court." " And if the court itself is extinct but its records and jurisdiction have been transferred by law to another court, it seems that the clerk and presiding judge of the latter tribunal are competent to make the requisite attestations."

This authority answers the entire objection. See also *Gay* v. *Lloyd,* 1 G. Greene, 78 ; *Young* v. *Thayer,* ib., 196.

Judgment affirmed.

*E. W. Eastman,* for appellant.

*J. C. Knapp,* for appellee.